## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN CARLOS RODRIGUEZ,** | : | **Civil No. 1:12-CV-830** |
| | : | |
| **Petitioner,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COURT OF COMMON PLEAS OF** | : | |
| **LACKAWANNA COUNTY, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

Presently before the Court is a *pro se* petition filed by the Petitioner, a state prisoner, seeking federal habeas corpus relief under 28 U.S.C. § 2254 following his prosecution in 2008 in the Court of Common Pleas of Lackawanna County on state assault charges.  This is the second such petition filed by Rodriguez in the past three months.  On February 9, 2012, Rodriguez filed a similar petition, which was dismissed by this Court on March 16, 2012, without prejudice, since Rodriguez's first *pro se* petition was the very model of an unexhausted petition, a habeas corpus petition which, on its face, revealed that the Petitioner has not yet exhausted his state remedies. Rodriguez v. Court of Common Pleas of Lackawanna County, No. 1:12-CV-256, 2012 WL 911888 (M.D.Pa. March 16, 2012).

Rodriguez's current petition does not address this exhaustion issue which was previously identified for the Petitioner in any meaningful way. However, our review of the docket in Rodriguez's state criminal case reveals that significant exhaustion issues remain in this litigation. That docket, a copy of which is attached, reflects that Rodriguez was charged with assault in September of 2008, pled guilty to this offense in October of 2008, and was sentenced in January of 2009. Following this sentencing, the docket reveals that Rodriguez engaged in very limited and halting efforts to litigate this case, but has failed to fully exhaust his available state remedies. Thus, Rodriguez filed, but did not perfect, a direct appeal to the state Superior Court, which dismissed the appeal in July of 2009. The docket reveals that Rodriguez then took no steps to pursue and form of post conviction relief in the state courts for two and one-half years, until January of 2012, when he filed a *pro se* motion for writ of mandamus with the Pennsylvania Supreme Court, which was denied by that court.

In addition to this failure to exhaust his state remedies, Rodriguez's latest petition contains another flaw which compels its dismissal in its current form. The petition seeks Rodriguez's release, but also demands compensatory and punitive damages from the Commonwealth, a form of relief which is not available from this Court through habeas corpus petitions. Because Rodriguez's current petition remains unexhausted and reflects a profound and fundamental confusion regarding the relief

available to this Petitioner, it is recommended that this second petition also be dismissed, without prejudice to the filing of a proper habeas corpus petition.

## II.   Discussion

### A.   Rodriguez's Federal Habeas Petition Is Premature Since the Petitioner Has Not Exhausted His State Remedies

In this case, we find that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition would be appropriate here since it is well-settled that state prisoners seeking relief under Section 2254 must satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has aptly observed:  "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).  A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not

excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion.  Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims.  Evans, 959 F.2d at 1230-33.  Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim.  See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

Here, we previously found that Rodriguez had failed to exhaust his state remedies, and a review of the docket in the Petitioner's state case continues to confirm that this is an unexhausted petition.  Since Rodriguez must first seek relief from the courts of Pennsylvania, and these state court records continue to define his petition as one in which the prisoner-petitioner "has [not yet] exhausted the remedies available in the courts of the State," this petition should be dismissed with instructions that

Rodriguez must first attempt to exhaust his state remedies before  seeking relief in federal court. 28 U.S.C. § 2254(b).

**B.      Rodriguez May Not Seek Damages in a Habeas Corpus Petition**

Summary dismissal of this petition is also appropriate because Rodriguez's latest petition constitutes an inappropriate use of the writ of habeas corpus.  The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined, purpose.  The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody.  As the United States Court of Appeals for the Third Circuit has aptly noted:  "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a . . .  prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional

purpose of habeas corpus.  In [such cases], habeas corpus is not an appropriate or available federal remedy." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention by seeking damages from prison officials, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge.  For example, in <u>Leamer v. Fauver, supra</u> the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison placement decision, like the decision at issue in this case.  In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

<u>Leamer</u>, 288 F.3d at 542 .

These settled legal tenets control here and are fatal to this particular habeas petition.  Since it is well established that the types of complaints for damages made by

Rodriguez simply do not sound in habeas, this petition must be dismissed.   The

Petitioner's recourse, if any, would be through a civil rights action brought  under 42

U.S.C. §1983 challenging this prison placement decision.   However, because the filing

requirements for habeas and §1983 actions differ, and the two types of actions raise

different issues in terms of procedural requirements and substantive standards, it

would not be appropriate to simply construe this pleading, which was clearly

designated as a habeas petition, as a §1983 action.   Instead, it is recommended that this

petition be dismissed without prejudice to the Petitioner later filing a separate action

under §1983 if he chooses to do so.   Woodruff v. Williamson, No. 06-2310, 2009 WL

703200, at 6 (M.D. Pa. March 12, 2009)(dismissing habeas petition challenging SMU

placement without prejudice to separate Bivens civil action).

## IV.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for

Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED

without prejudice to the filing of a habeas corpus petition, once Rodriguez has

exhausted his state remedies, or a separate civil action challenging this prison

placement decision, if the Petitioner chooses to do so, and that a certificate of

appealability should not issue.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of May 2012.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0002425-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Juan Carlos Rodriguez

Page 1 of 6

## CASE INFORMATION

Cross Court Docket Nos:  CR-0000377-08

Judge Assigned:

OTN:  L4271470

Initial Issuing Authority:  Robert G Russell

Arresting Agency:  Scranton City Police Dept

Case Local Number Type(s)

Date Filed: 09/04/2008     Initiation Date: 07/13/2008

Lower Court Docket No:  CR-0000377-08

Final Issuing Authority:  Robert G Russell

Arresting Officer:  Ash, Leonord Jr.

Case Local Number(s)

## STATUS INFORMATION

Arrest Date:     07/13/2008

| Case Status: Closed | Status Date | Processing Status |
|---|---|---|
| | 07/10/2009 | Appeal Decided |
| | 03/26/2009 | Awaiting Appellate Court Decision |
| | 01/26/2009 | Sentenced/Penalty Imposed |
| | 01/05/2009 | Awaiting Sentencing |
| | 01/05/2009 | Awaiting PSI |
| | 10/17/2008 | Awaiting Sentencing |
| | 10/17/2008 | Awaiting Trial Scheduling |
| | 10/06/2008 | Awaiting Formal Arraignment |
| | 09/04/2008 | Awaiting Filing of Information |

Complaint Date:     07/13/2008

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Arraignment | 10/17/2008 | 9:00 am | | | Scheduled |
| Sentencing | 01/26/2009 | 1:30 pm | | Judge Michael J. Barrasse | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 02/13/2009 | County Jail | Lackawanna County Prison | | Yes |
| 12/13/2010 | DOC Confined | SCI Albion | | Yes |

## DEFENDANT INFORMATION

Date Of Birth:          07/06/1987     City/State/Zip: Scranton, PA  18505

Alias Name
Rodriguez, Juan

Printed: 05/06/2012

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

he

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY
## DOCKET



**Docket Number: CP-35-CR-0002425-2008**
## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania

v.

Juan Carlos Rodriguez

Page 2 of 6

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Rodriguez, Juan Carlos |

## BAIL INFORMATION

**Rodriguez, Juan Carlos**                                                                                    **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 07/13/2008 | Monetary | | $50,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 07/13/2008 | L4271470 |
| 2 | 2 | | 18 § 2701 §§A | Simple Assault | 07/13/2008 | L4271470 |
| 3 | 3 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 07/13/2008 | L4271470 |

## DISPOSITION SENTENCING/PENALTIES

| Disposition | Disposition Date | Final Disposition | |
|---|---|---|---|
| Case Event | Offense Disposition | Grade | Section |
| Sequence/Description | Sentence Date | Credit For Time Served | |
| Sentencing Judge | Incarceration/Diversionary Period | Start Date | |
| Sentence/Diversion Program Type | | | |
| Sentence Conditions | Link Type | Linked Docket Number | |
| Linked Offense - Sentence | | | |

**Lower Court Proceeding (generic)**

| Lower Court Disposition | 09/03/2008 | Not Final | |
|---|---|---|---|
| 1 / Aggravated Assault | Waived for Court (Lower Court) | F1 | 18§2702§§A1 |
| 2 / Simple Assault | Waived for Court (Lower Court) | | 18§2701§§A |
| 3 / Recklessly Endangering Another Person | Waived for Court (Lower Court) | M2 | 18§2705 |

**Guilty Plea**

| Pre-Trial Conference | 10/17/2008 | Final Disposition | |
|---|---|---|---|
| 1 / Aggravated Assault | Guilty Plea | F1 | 18§2702§§A1 |
| Barrasse, Michael J. | 01/26/2009 | 198 Days | |
| Confinement | Min of 10.00 Years | | |
| | Max of 20.00 Years | | |
| | 10 Years to 20 Years | | |
| No Contact | | | |
| no d/a or llp | | | |

AOPC 2220 - Rev 05/06/2012

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0002425-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania                                Page 3 of 6
v.
Juan Carlos Rodriguez

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade    Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number |
| 2 / Simple Assault | Nolle Prossed | 18§2701§§A |
| Barrasse, Michael J. | 01/26/2009 | |
| 3 / Recklessly Endangering Another Person | Nolle Prossed | M2    18§2705 |
| Barrasse, Michael J. | 01/26/2009 | |

## COMMONWEALTH INFORMATION

**Name:**   Jennifer Lyn McCambridge
            District Attorney
**Supreme Court No:**   093662
**Phone Number(s):**
    (570) 963-6717   (Phone)
    (570) 941-8948   (Fax)
**Address:**
    200 N Washington Ave
    Scranton PA  18503

## ATTORNEY INFORMATION

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/04/2008 | | Court of Common Pleas - Lackawanna County |
| Original Papers Received from Lower Court | | | |
| 1 | 09/16/2008 | | Moraski, Kimberly Karen |
| Request for Bill of Particulars | | | |
| 2 | 09/16/2008 | | Moraski, Kimberly Karen |
| Request for Pre-Trial Discovery and Inspection | | | |
| 1 | 10/06/2008 | | McCambridge, Jennifer Lyn |
| Information Filed | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET

**Docket Number: CP-35-CR-0002425-2008**

# CRIMINAL DOCKET

### Court Case



Commonwealth of Pennsylvania

v.

Juan Carlos Rodriguez

Page 4 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 10/17/2008 | | Barrasse, Michael J. |
| Guilty Plea | | | |
| 1 | 01/26/2009 | | Barrasse, Michael J. |
| Order - Sentence/Penalty Imposed | | | |
| 2 | 01/26/2009 | | Barrasse, Michael J. |
| Defendant's Rights at Sentencing | | | |
| 1 | 02/04/2009 | | Kalinowski, Joseph Paul |
| Motion for Reconsideration of Sentence | | | |
| 2 | 02/04/2009 | | Kalinowski, Joseph Paul |
| Motion for Reconsideration of Sentence | | | |
| 1 | 02/05/2009 | | Rodriguez, Juan Carlos |
| Formal Request for Transcript | | | |
| 1 | 02/09/2009 | | Barrasse, Michael J. |
| Rule to Show Cause; Rule Returnable on March 3, 2009 Hearing if Necessary on March 3, 2009 @ 9:30 | | | |
| 2 | 02/09/2009 | | Court of Common Pleas - Lackawanna County |
| Penalty Assessed | | | |
| 1 | 02/12/2009 | | Commonwealth of Pennsylvania |
| Commonwealth's Response to Defendant's Petition for Reconsideration of Sentence | | | |
| 1 | 02/18/2009 | | Lackawanna County Probation Department |
| Guideline Sentence Form | | | |
| 1 | 03/16/2009 | | Barrasse, Michael J. |
| Order Denying Motion for Reconsideration of Sentence | | | |
| 1 | 03/25/2009 | | Kalinowski, Joseph Paul |
| Motion for Transcripts | | | |

Printed: 05/06/2012

AOPC 2220 - Rev 05/06/2012

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



Docket Number: CP-35-CR-0002425-2008

# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Juan Carlos Rodriguez

Page 5 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/26/2009 | | Brown, Bernard J. |
| | Notice of Appeal to the Superior Court | | |
| 1 | 03/27/2009 | | Renee Casier - Lackawanna Cty Court Reporter |
| | Transcript of Proceedings Of Sentencing Before Judge Barrasse On January 26, 2009 | | |
| 1 | 04/01/2009 | | Tara B. Jones - Lackawanna Cty Court Reporter |
| | Transcript of Proceedings Of Guilty Plea Before Judge Barrasse On October 17, 2008 | | |
| 2 | 04/01/2009 | | Barrasse, Michael J. |
| | Order Directing Defendant to File a Concise Statement of the Matters Complained on Appeal | | |
| 1 | 04/07/2009 | | Superior Court of Pennsylvania - Middle District |
| | Docketing Statement from Superior Court, number 556MDA09, record due May 26, 2009 | | |
| 1 | 05/14/2009 | | Barrasse, Michael J. |
| | Memorandum of Law | | |
| 1 | 06/01/2009 | | Court of Common Pleas - Lackawanna County |
| | Transmittal of Record to Appellate Court | | |
| 1 | 07/10/2009 | | Superior Court of Pennsylvania - Middle District |
| | Superior Court Decision; appeal dismissed, rile returned | | |
| 1 | 02/10/2012 | | Supreme Court of Pennsylvania - Middle District |

Supreme Court Order
    PER CURIAM: And now, this 3rd day of January, 2012, the Application for Leave to File Original Process is Granted, and the "Petition for Writ Mandamus, Habeas Corpus and/or Extraordinary Relief" is DENIED

AOPC 2220 - Rev 05/06/2012

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



Docket Number: CP-35-CR-0002425-2008

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Juan Carlos Rodriguez

Page 6 of 6

## CASE FINANCIAL INFORMATION

Last Payment Date:  04/05/2012

Total of Last Payment:  -$22.74

**Rodriguez, Juan Carlos**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| State Court Costs (Act 204 of 1976) | $11.75 | -$2.50 | $0.00 | $0.00 | $9.25 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $17.60 | -$3.72 | $0.00 | $0.00 | $13.88 |
| County Court Cost (Act 204 of 1976) | $25.65 | -$5.40 | $0.00 | $0.00 | $20.25 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | -$35.00 | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | -$2.12 | $0.00 | $0.00 | $7.88 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund (158 of 1994) | $5.00 | -$1.07 | $0.00 | $0.00 | $3.93 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| DA's Fingerprint Assess. (Lackawanna) | $150.00 | -$150.00 | $0.00 | $0.00 | $0.00 |
| Automation Fee (Lackawanna) | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | -$52.51 | $0.00 | $0.00 | $197.49 |
| Costs of Prosecution - CJEA | $50.00 | -$10.34 | $0.00 | $0.00 | $39.66 |
| County Costs (Lackawanna) | $18.00 | -$18.00 | $0.00 | $0.00 | $0.00 |
| Plea F/M (Lackawanna) | $120.00 | -$120.00 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $733.00 | -$440.66 | $0.00 | $0.00 | $292.34 |
| | | | | | |
| **Restitution** | | | | | |
| Restitution | $1,900.00 | -$380.51 | $0.00 | $0.00 | $1,519.49 |
| Restitution Totals: | $1,900.00 | -$380.51 | $0.00 | $0.00 | $1,519.49 |
| Grand Totals: | $2,633.00 | -$821.17 | $0.00 | $0.00 | $1,811.83 |

** - Indicates assessment is subrogated

AOPC 2220 - Rev 05/06/2012

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.